UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK_____

JOHN F. MONROE, JR.

                                    Plaintiff                        **COMPLAINT**

-against-
                                                                     CA NO.:_____

ROCHESTER POLICE OFFICERS GABRIEL PERSON
IN HIS OFFICIAL CAPACITYAND INDIVIDUALLY,
ROCHESTER POLICE OFFICER CHARLES LOTEMPIO
IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY,
AND FNU WILCOX IN HIS OFFICIAL CAPACITY
AND INDIVIDUALLY, CITY OF ROCHESTER

                                    Defendants,

**DEMAND FOR A JURY TRIAL**

_____

        Plaintiff John F. Monroe, Jr. (hereinafter "Plaintiff "), by and through his attorneys, The

Parrinello Law Firm, LLP, as and for his complaint against Defendants Gabriel Person, Charles

LoTempio, FNU Wilcox and the City of Rochester collectively ("Defendants"), alleges and

follows:

## INTRODUCTION

        1.        This action for and monetary damages for violation of Plaintiff's constitutional

rights brought pursuant to 42 U.S.C. 1983, 1985, 1988 and related New York State Law claims.

Plaintiff   alleges that the Defendants, while acting in their official capacities and under color of

State Law, used excessive force in effectuating   Plaintiff's arrest, in violation of the Fourth and

Fourteenth Amendments to the United States Constitution.    Plaintiff further alleges that

defendant officers conspired to violate his rights under the Fourth and Fourteenth Amendments

1

that the Defendant City of Rochester has demonstrated a custom and policy of deliberate

indifference to the constitutional rights of its citizens, including Plaintiff.


## JUSRISICTION

2.      This action arises in part under 42 U.S.C. Section 1983 and accordingly, this

Court has original subject matter jurisdiction under 28 U.S.C. Section 1331 for all remaining

claims which do not present a federal question under 28 U.S.C.  Section 1331, 1343 (a)(3) and

(4), this Court has supplemental jurisdiction under 28 U.S.C.  Section1367.

3.      The causes of action alleged herein arise from the factual allegations which

occurred in this judicial district. All parties are domiciled within the Western District of New

York and therefore, this Court has personal jurisdiction over the Defendants.


## VENUE

4.      Venue is proper in the United States District Court for the Western District of

New York pursuant to 28 U.S.C. Section 1391  (b) (1) and (2)  and (c) (1) because the events or

omissions giving rise to the claim occurred within this District and at all times relevant herein,

all parties resided within this District.

## PARTIES

5.      At all times relevant herein, Plaintiff  was and still is a resident of the City of

Rochester, County of Monroe and State of New York.

6.    Defendant Gabriel Person (hereinafter "Person") is and at all times relevant

herein was a citizen of New York State residing in Monroe County and was employed as a

police officer with the City of Rochester  Police Department.

7.      At all times relevant to this Complaint, Person was acting under color of law and

2

is sued in his individual capacity and in his official capacity as a police officer for the Defendant City of Rochester.

8.      Defendant Charles LoTempio (hereinafter "LoTempio") is and at all times relevant herein was a citizen of New York State residing in Monroe County and was employed as a police officer with the City of Rochester Police Department.

9.      At all times relevant to this Complaint, LoTempio was acting under color of law and is sued in his individual capacity and in his official capacity as a police officer for the Defendant City of Rochester.

10.     Defendant FNU Wilcox (hereinafter "Wilcox") is and at all times relevant herein was a citizen of New York State residing in Monroe County and was employed as a police officer with the City of Rochester.

11.     At all times relevant to this Complaint, Wilcox was acting under color of law and is sued in his individual capacity and in his official capacity as police officer for the City of Rochester.

12.     At all times material to the allegations in this Complaint, Defendants Person, LoTempio and Wilcox were acting in their capacities as police officers employed by Defendant City of Rochester and were acting under color of State law.

13.     Defendant City of Rochester is and at all times relevant herein, was and still is a municipal corporation duly organization and existing under the laws of the State of New York.

14.     Defendant City of Rochester was responsible for the hiring, training, supervision and retention of Pearson, LoTempio and Wilcox.

15.     Defendant City of Rochester is a political subdivision of the State of New York for which at all times relevant to this Complaint, Defendants Person, LoTempio, and Wilcox were employed by and served as police officers.

16.     At all times relevant herein, the City of Rochester had the responsibility for establishing and/or delegating to the Chief of Police the responsibility for establishing and implementing policies, procedures and customs used by law enforcement officers employed by

the City of Rochester regarding the use of force on persons.

17.    At all times herein relevant, Pearson, LoTempio and Wilcox were and/or are agents and/or employees of Defendant City of Rochester and were acting within the course and scope of their employment and/or agency in performance of the acts herein alleged.

### STATEMENT OF FACTS

18.    Plaintiff's date of birth is February 16, 1989.

19.    Plaintiff graduated from Thomas Jefferson High School.

20.    On or about the evening of November 28, 2012, Plaintiff was in a barber shop working.

21.    On November 28, 2012, Plaintiff left the barbershop at approximately 8:30 p.m.

22.    At approximately 10:30 p.m. Plaintiff was a passenger in a car driven by his friend.

23.    While Plaintiff and his friend were driving South on South Avenue a police officer passed them and shined his light into the car in which Plaintiff was a passenger.

24.    After the police vehicle passed the car that Plaintiff was a passenger in the car pulled over.

25.    The police vehicle turned around and pulled alongside of the car that Plaintiff was a passenger in.

26.    The police officer said "your muffler sounds loud."

27.    The police officer asked Plaintiff's friend for his id and his license.

28.    The police officer noticed beer cans in the car and asked the driver to step out and asked the driver if he had been drinking.

4

29.    Another police officer came to the passenger side of the car where Plaintiff was seated.

30.    The police officer asked what Plaintiff had in his hand and Plaintiff told him a cup of Long Island Iced Tea.

31.    The police officer asked for Plaintiff to hand it to him and Plaintiff handed the police officer the cup.

32.    The police officer then asked Plaintiff whether or not Plaintiff could step out of the car.

33.    Plaintiff stepped out of the car and was asked to turn around and put his hands behind his back.

34.    Instead of following the police officer's directions Plaintiff pushed the officer and began running away from the scene of the stop.

35.    The Plaintiff ran away from the scene because Plaintiff had a sawed-off .22 hidden rifle in the rear waste band of his pants.

36.    The rifle was loaded.

37.    The rifle was covered from view by the jacket that Plaintiff was wearing.

38.    The name of the officer that Plaintiff pushed before he began to run was Officer Person.

39.    Plaintiff ran across South Avenue from Hickory to the other side of the street.

40.    Plaintiff then began to run down an alley.

41.    About half way down the alley Plaintiff took the rifle out of his pants and threw it.

42.    When Plaintiff threw the rifle Officer Person was the closest to Plaintiff.

43.    Officer Person caught up with Plaintiff and pushed Plaintiff from behind.

44.     Plaintiff fell face first on to the pavement.

45.     Pearson stepped on Plaintiff's ankles.

46.     Plaintiff apologized for running.

47.     Plaintiff was scarred.

48.     Pearson then pushed Plaintiff's face into the pavement.

49.     Person said "You're going to run from me?"

50.     Then Person began kicking Plaintiff in the face as Plaintiff laid face down on the pavement in the alley.

51.     As Person was kicking Plaintiff another officer ran up and was hitting Plaintiff with something as the officer stood over Plaintiff from behind.

52.     Plaintiff put his hands behind his back.

53.     The officers continued to kick Plaintiff so Plaintiff used his hands to cover his face.

54.     The officers that were kicking the Plaintiff were kicking him in the upper body, face, hands that were covering his face, neck and head.

55.     One of the officers tried to suffocate Plaintiff and was hitting Plaintiff with an object from behind on Plaintiff's face.

56.     One or more of the police officers handcuffed Plaintiff.

57.     The officers hit Plaintiff more after he was handcuffed.

58.     There came a time that Plaintiff was picked up and taken to a squad car.

59.     The officers that were kicking the Plaintiff were kicking him in the upper body, face, hands that were covering his face, neck and head.

60.     When Person caught up to the Plaintiff and pushed Plaintiff on to the pavement the rifle that Plaintiff had thrown was approximately 10 to 15 feet distance from the Plaintiff.

61.     As the police officers were hitting and kicking the Plaintiff he heard one of them say "I see it over there. Disarm it."

62.     Plaintiff was transported to the Strong Memorial Hospital for treatment of his injuries.

63.     At some point during the beating of Plaintiff by the police officers Plaintiff's hands were handcuffed behind his back as he lay on the ground.

64.     One of the officers plugged his nose and covered his mouth so Plaintiff could not breathe and felt like he was going to pass out.

65.     The beating by the police officers took approximately 8 minutes.

66.     At one point Plaintiff lost consciousness. That was towards the end of the beating.

67.     Plaintiff was then placed in a squad car.

68.     One of the police officers told the Plaintiff's friend "look at your friend's face." Plaintiff heard that.

69.     One of the police officers called an ambulance which took Plaintiff to Strong Memorial Hospital where Plaintiff received stitches.

70.     At approximately at 6:00 a.m. the next morning Plaintiff was taken to Monroe County Jail.

71.     As a result of the beating by the police Plaintiff has problems with his right eye.

72.     Once Plaintiff was sentenced he was taken from the facility that he was in to Upstate Medical in Syracuse because Plaintiff was suffering from migraine headaches and the injury to his right eye.

7

73.    Plaintiff had been given regular eye exams every two years up to 2012.

74.    Plaintiff still suffers from a blind spot in the middle of his right eye.

75.    Plaintiff 's hands were all bruised as a result of him trying to cover his face as he was being kicked by the police officers.

76.    Plaintiff still suffers from migraine headaches.

77.    Plaintiff has permanent scarring on his face from the beating that he received from the police officers in the alley.

78.    As a result of the excessive force use by the police officers Plaintiff has a fear of police officers and is frighten every time that he sees a police car and/or police officer.

79.    After his release from prison Plaintiff has gone to the Baden Street Settlement for counseling.

80.    Plaintiff got out of prison on August 25, 2014.

81.    At the 50h hearing 8 photographs were introduced which demonstrates the severity of the beating by the police in the alley on November 28, 2012, injuries to Plaintiff's knee, leg, ankle, face and hands.

82.    Prior to Plaintiff running from the scene of the traffic stop Plaintiff never attempted to draw the gun and threaten the police with it.

83.    During the chase Plaintiff never withdrew the gun and pointed it at the police.

84.    During the chase Plaintiff withdrew gun and threw it some distance from him so that when the police caught up with him the gun was out of his reach.

85.    Other than pushing the officer when Plaintiff got out the car he did not make any other attempt to strike any of the police officers.

86.    Because of the excessive force used by the police officers Plaintiff has sought the

services of a mental health expert because every time the Plaintiff sees a police car or police officer he has a nervous, anxious reaction.

87.    Upon information and belief. Defendants Person, LoTempio and Wilcox were never reprimanded, suspended or terminated from their employment by Defendant City of Rochester following the November 28, 2012, incident involving Plaintiff and upon information and belief, have said officers remained on full time active duty patrol as City of Rochester Police Officers.

88.    Upon information and belief, Defendants Person, LoTempio and Wilcox had inadequate training and supervision regarding arrests and reasonable use of force which led to the constitutional and New York State law violations in this case.

89.    Based on the foregoing, Defendant the City of Rochester failed to adequately train and supervise Defendants Person, LoTempio and Wilcox.

90.    Defendant City of Rochester failure to properly train and/or supervise their officers, including but not limited to Defendants Person, LoTempio and Wilcox, amounts to a deliberate indifference to the rights of those with whom City of Rochester Police Officers come into contact with, including Plaintiff.

91.    Defendant City of Rochester was aware or should have been aware that its officers, including Person, LoTempio and Wilcox, require special training, procedures, policies and customs to be used so as not to infringe upon the legal and constitutional rights of citizens, including Plaintiff. The failure to promulgate and implement such procedures, policies or customs led to the violation of Plaintiff's legal and constitutional rights and the use of excessive and unreasonable force against his person.

92.    The failure of Defendant City of Rochester to control its officers and their conduct caused the violations of Plaintiff s civil rights.

9

93.     The policies and practices of the City of Rochester in authorizing its officers to use excessive force constitutes a custom or usage and implies the actual or constructive knowledge of City of Rochester policy-making officials.

94.     As a consequence of the afore described November 28, 2012, incident and the use of unreasonable and excessive force upon Plaintiff by Defendant officers, Plaintiff suffered contusions , eyes swollen shut, facial swelling, loss of consciousness, neck pain, multiple facial and head contusions, neck, back, head and leg pain, headaches, post concussive  syndrome, memory/closed head injuries.  The full nature and extent of Claimant's injuries is unknown as Plaintiff   continues treating for his injuries.

95.     As a direct and proximate result of the intentional and/or negligent acts of the Defendants, Plaintiff has suffered and continues to suffer serious physical and mental injuries, pain and suffering and other damages in an amount that will be established at trial.

96.     Plaintiff is entitled to compensation for the constitutional harms and State law violations that Defendants inflicted upon him.

## CAUSES OF ACTION
### COUNT ONE

**VIOLATION OF 42 U.S.C. SECTION 1983 BY PERSON, LOTEMPIO, WILCOX AND CITY OF ROCHESTER FOR USE OF EXCESSIVE FORCEAGAINST   PLAINTIFF 'S PERSON**

97.     The Plaintiff repeats and realleges the allegations in paragraphs 1 through 95 above and incorporates them by reference as if set forth in their entirety herein.

98.     Based upon the afore described conduct, Person, LoTempio and Wilcox illegally used excessive force under the circumstances against   Plaintiff   in violation of his <u>Fourth Amendment right to be secure in his person from unreasonable seizures</u>.

99.     Plaintiff   did nothing to provoke Person, LoTempio and Wilcox to use excessive physical force to his person.

100.     Defendants' Person, LoTempio and Wilcox conduct was an excessive use of force on   Plaintiff   which a reasonable officer in their position would not have used under the circumstances.

101.     Defendant City of Rochester caused Plaintiff to be subjected to Fourth Amendment violations (excessive force) because the Defendant officers' actions were part of the customary practices of the Rochester Police Department.

102.     Based upon the foregoing allegations, the City of Rochester and members the Police Department have shown a deliberate indifference to an obvious need for training of its officers, including Defendants Person, LoTempio and Wilcox, and the failure to adequately train and supervise them resulted in the Defendant officers' actions that caused Plaintiff's injuries.

103.     As a direct and proximate cause of the excessive use of force by Defendants, Plaintiff suffered and continues to suffer serious physical and mental injuries and other damages in an amount that will be established at trial.

104.     As a direct and proximate result of Defendants' violations of Plaintiff constitutional rights, Plaintiff has suffered general and special damages to which will be proved at trial and  entitle Plaintiff to relief under 42 U.S.C. Section 1983.

105.     As a direct and proximate result of the Defendants' conduct, Plaintiff has been compelled to retain the services of counsel to protect and enforce his rights and therefore, Plaintiff has incurred and continues to incur attorney's fees, expert fees and costs for which Plaintiff is entitled to reimbursement in an amount to be established at the time of trial pursuant to 42 U.S.C. Section 1988.

106.     Defendants Person, LoTempio and Wilcox conduct was willful, malicious, oppressive and/or reckless and was of such a nature that Plaintiff claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

11

## COUNT TWO

**VIOLATION OF 42 U.S.C.1983 (CONSPIRACY TO VIOLATE) BY DEFENDANTS PERSON, LOTEMPIO and WILCOX**

107.   The Plaintiff repeats and realleges the allegations in paragraphs 1 through 106 above and incorporates them by reference as if set forth in their entirety herein.

108.   By and through the actions described in paragraphs 1 through 107 above, Defendants Person, LoTempio and Wilcox, acting under color of state law, conspired to deprive Plaintiff of his constitutional rights, in violation of 42 U.S.C. Section 1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

109.   Defendants Person, LoTempio and Wilcox conspired amongst themselves to use excessive force against Plaintiff and to fabricate a story which the hope will justify their beating of Plaintiff in the alley on November 28, 2012.

110.   Defendants Person, LoTempio and Wilcox agreed to deprive Plaintiff and deprived Plaintiff of his constitutional rights by using unlawful excessive force against his person thus causing serious physical and mental injuries and damages in an amount that will be established at trial.

111.   Defendants Person, LoTempio and Wilcox' conduct was willful, malicious, oppressive and/or reckless and was of such a nature that Plaintiff claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## COUNT THREE

**VIOLATION OF 42 U.S.C. SECTION 1983BY DEFENDANT CITY OF ROCHESTER (FAILURE TO IMPLEMENT POLICIES, CUSTOMS AND PRACTICES)**

112.   The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 111 above and incorporates them by reference as if set forth in their entirety herein.

113.   By the actions described in paragraphs 1 through 112 above, Defendant City of Rochester has demonstrated a policy, ordinance, custom, regulation and/or decision of deliberate indifference to the rights of its citizens by:

12

a. failing to adequately train its police officers regarding the proper methods for stopping citizens, the use of force, arrest procedures and refraining from participating in conspiracies to violate a person's constitutional rights;

b. promoting and tolerating a custom and policy in which officers violate the constitutional rights of citizens through excessive force, unlawful stops, searches and seizures and by participating in conspiracies to violate constitutional rights of persons;

c. failing to suspend, terminate or take disciplinary action against officers who violate the rights of citizens by using excessive force, making unlawful stops, searches and seizures and participating in conspiracies to violate the constitutional rights of persons; and

d. failing to adequately supervise officers who are prone to use excessive force, make unlawful stops, searches and seizures and participate in conspiracies to violate constitutional rights.

114.    The actions or inactions of Defendant City of Rochester were conducted under color of law, constitute an official policy or custom that deprived Plaintiff of his constitutional or statutory rights and caused injuries and damages to his person in an amount to be determined at the trial of this action.

115.    As direct and proximate cause of the City of Rochester policy, ordinance, custom, regulation and/or decision or usage of deliberate indifference, Plaintiff suffered violations of his rights that are secured under the Fourth Amendment to the United States Constitution to be free from the use of excessive force.

116.    As direct and proximate result of Defendant City of Rochester's  violations of Plaintiff constitutional rights Plaintiff has suffered general and special damages proved at trial and is entitled  to relief  under 42 U.S.C. Section 1983.

117.    As direct and proximate result Defendants' conduct of Plaintiff has been compelled to retain the service of counsel to protect and enforce his rights and therefore, Plaintiff has incurred and continues to incur attorney's fees, expert fees and cost for which Plaintiff   is entitled to reimbursement in an amount to be established at the time of trial pursuant to 42 U.S.C. Section 1988.

13

<u>COUNT FOUR</u>

**VIOLATION OF 42 U.S.C. SECTION 1983 BY DEFENDANT CITY OF ROCHESTER (Supervisory Liability/Monell v. Dept. of Social Services, 436 U.S. 658 (1978)**

118.    The Plaintiff  repeats and reallieges the allegations set forth in Paragraphs 1 through 117 above and incorporates them by reference as if set forth in their entirety herein.

119.     At all times relevant herein, Defendant City of Rochester has supervised Defendants Person, LoTempio, and Wilcox and is responsible for said officers' retention, training and supervision.

120.    Defendants City of Rochester has condoned a pattern of brutality committed by City of Rochester police officers. Defendant City of Rochester maintained or permitted one or more of the following official policies, customs or practices:

A. Failure to adequately train and supervise City of Rochester police officers regarding constitutional limitations on the use of force.

B. Failure to adequately discipline or retrain officers involved in misconduct;

C. Hiring, assigning/selecting and retention of City of Rochester police officers with demonstrated propensities for use of excessive force. violence, dishonesty and other misconduct;

D. Condoning and encouraging City of Rochester police officers in the belief that they can violate the rights of persons such as  Plaintiff  with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;

E. Failure to take adequate measures to discipline City of Rochester police officers who engage in the use of excessive force, violence, dishonesty and other misconduct;

F. Failure to enforce proper reporting and investigation of use of force by City of Rochester police officers; and

G. Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this Complaint.

121.    Defendant City of Rochester has maintained and permitted the afore described practices, policies and customs, while aware of widespread abuses of power and use of excessive force by some of the City of Rochester police officers and failed to take proper measures to

discipline said officers.

122.    Instead of taking proper measures to discipline City of Rochester police officers who have engaged in abuse of power and use of excessive force, Defendant City of Rochester has condoned, encouraged, fostered and/or ratified the unlawful conduct of said officers.

123.    Upon information and belief, Defendant City of Rochester has ratified Defendants Person, LoTempio and Wilcox's unconstitutional conduct towards Plaintiff.

124.    Based on the foregoing, Defendant City of Rochester had actual or constructive knowledge that some of their officers were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injuries to citizens and their response to that knowledge was so inadequate as to show deliberate indifference to or a tacit authorization of the alleged offensive practices and there is an affirmative causal link between Defendants' inaction and the particular constitutional injury suffered by Plaintiff .

125.    Upon information and belief, by and through policy, custom and training, Defendant City of Rochester and had actual or constructive knowledge that some their officers, including Defendants Person, LoTempio, Wilcox, were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff and have condoned this custom, policy and training whereby unconstitutional practices occur.

126.    Upon information and belief, Defendants Person, LoTempio, Wilcox had a prior employment history involving alleged misconduct and Defendant City of Rochester was negligent in their training, supervision and retention.

127.     Upon information and belief, despite Defendant City of Rochester's knowledge that some of their officers, including Defendants Person, LoTempio, Wilcox

15

engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like  Plaintiff, their response to said knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices of some of their officers, including the actions of Defendants Person, LoTempio, Wilcox.

128.    As a direct and proximate result of Defendants' violations of Plaintiff constitutional rights, Plaintiff is entitled to relief under 42 U.S.C. Section 1983 and has suffered general and special damages in an amount to be determined at trial.

129.    As a direct and proximate result of the Defendants' conduct, Plaintiff   has been compelled to retain the services of counsel to protect and enforce his rights and therefore, Plaintiff has incurred and continues to incur attorney's fees, expert fees and costs for which Plaintiff is entitled to reimbursement in an amount to be established at the time of trial pursuant to 42 U.S.C. Section 1988.

**WHEREFORE,**   Plaintiff prays for judgment against Defendants as follows:

1.  Compensatory damages in the form of general and special damages against all Defendants, jointly and severally, in an amount that has yet to be ascertained according to the proof trial;

2.  Punitive damages against all individual Defendants in an amount to be determined at trial;

3. Reasonable costs of this suit incurred herein;

4. An award of reasonable attorney's fees pursuant to 42 U.S.C. Section 1988; and

6. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

A jury trial is hereby demanded.

16

Dated:  November 25, 2015
         Rochester, NY

                                    Respectfully submitted,


                                    S/John R. Parrinello
                                    THE PARRINELLO LAW FIRM, LLP
                                    John R. Parrinello, Esq., of Counsel
                                    Attorneys for Plaintiff John F. Monroe, Jr.
                                    36 West Main Street, Suite 400
                                    Rochester, New York 14614
                                    Phone :( 585) 454-2321
                                    Fax: (585) 454-6626
                                    E-mail: parrinellolawfirm@frontier.com